**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| USA SALES, INC., DBA Statewide Distributors, a California Corporation, | No. 21-55643 |
| *Plaintiff-Appellee,* | D.C. No. 5:19-cv-02133-JWH-KK |
| v. | |
| OFFICE OF THE UNITED STATES TRUSTEE, | ORDER |
| *Defendant-Appellant.* | |

On Remand from the United States Supreme Court

Filed August 6, 2024

Before: Susan P. Graber and John B. Owens, Circuit Judges, and John R. Tunheim,[*] District Judge.

Order

---

[*] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

# SUMMARY**

## Bankruptcy

On remand from the Supreme Court for further consideration in light of *Office of the United States Trustee v. John Q. Hammons Fall 2006, LLC*, 144 S. Ct. 1588 (2024), the panel reversed the district court's summary judgment in favor of USA Sales, Inc., a Chapter 11 debtor, and remanded the case to the district court.

The Bankruptcy Judgeship Act of 2017 significantly increased the statutory fees for certain debtors in all but six judicial districts. USA Sales sued for a refund of the increased fees, arguing that the 2017 Act (1) did not apply because USA Sales had filed for bankruptcy before the Act took effect; and (2) violated the uniformity requirement of the Bankruptcy Clause. The district court agreed with both arguments and ordered a refund, and the panel originally affirmed.

On remand from the Supreme Court, the panel held that *John Q. Hammons Fall 2006, LLC*, did not alter its original holding that the 2017 Act applied to USA Sales' bankruptcy proceeding even though the case was already pending when the Act took effect.

In *Siegel v. Fitzgerald*, 596 U.S. 464 (2022), the Supreme Court held that the 2017 Act violated the uniformity requirement of the Bankruptcy Clause but left open the question of the appropriate remedy. In *John Q.*

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Hammons Fall 2006, LLC*, the Supreme Court answered that question, holding that the appropriate remedy was prospective parity, not a refund for debtors who paid unconstitutional fees or retrospectively raising fees. In light of *John Q. Hammons Fall 2006, LLC*, the panel reversed the district court's determination that USA Sales was entitled to a refund, and remanded.

## COUNSEL

A. Lavar Taylor (argued) and Lisa O. Nelson, Taylor Nelson Amitrano LLP, Irvine, California, for Plaintiff-Appellee.

Jeffrey E. Sandberg (argued) and Mark B. Stern, Appellate Staff Attorneys; E. Martin Estrada, United States Attorney; Brian M. Boynton, Principal Deputy Assistant Attorney General; United States Department of Justice, Civil Division, Washington, D.C.; Wendy Cox and Sumi Sakata, Trial Attorneys; P. Matthew Sutko, Associate General Counsel; Ramona D. Elliott, Deputy Director/General Counsel; Of Counsel, Executive Office for United States Trustees, United States Department of Justice, Washington, D.C.; Jasmin Yang, Assistant United States Attorney, Office of the United States Attorney, Los Angeles, California; for Defendant-Appellant.

**ORDER**

This matter is before our court following the U.S. Supreme Court's order granting certiorari, vacating our judgment, and remanding for further consideration in light of *Office of the United States Trustee v. John Q. Hammons Fall 2006, LLC*, 144 S. Ct. 1588 (2024). *See Off. of the U.S. Tr. v. USA Sales, Inc.*, 2024 WL 3089472, at \*1 (June 24, 2024).

This case concerns a provision of the Bankruptcy Judgeship Act of 2017 ("2017 Act"), which significantly increased the statutory fees for certain debtors in all but six judicial districts. USA Sales, Inc., a Chapter 11 debtor, sued for a refund of the increased fees, arguing that the 2017 Act (1) did not apply because USA Sales had filed for bankruptcy before the Act took effect; and (2) violated the uniformity requirement of the Bankruptcy Clause, U.S. Const. art I, § 8, cl. 4. The district court agreed with both arguments and ordered a refund. The Office of the United States Trustee ("UST") timely appealed from the district court's summary judgment. We originally affirmed. *See USA Sales, Inc. v. Off. of the U.S. Tr.*, 76 F.4th 1248, 1256 (9th Cir. 2023). On remand from the Supreme Court, we now reverse and remand.

1. As an initial matter, *John Q. Hammons Fall 2006, LLC* does not alter our original holding that the 2017 Act applied to USA Sales' bankruptcy proceeding even though its case was already pending when the Act took effect. *See USA Sales, Inc.*, 76 F.4th at 1252-53.

2. In *Siegel v. Fitzgerald*, 596 U.S. 464, 480-81 (2022), the Supreme Court held that the 2017 Act violated the uniformity requirement of the Bankruptcy Clause but left

open the question of the appropriate remedy. In *John Q. Hammons Fall 2006, LLC*, the Supreme Court answered that question, holding that the appropriate remedy was prospective parity, not a refund for debtors who paid unconstitutional fees or retrospectively raising fees. *See* 144 S. Ct. at 1592, 1596. In light of *John Q. Hammons Fall 2006, LLC*, we reverse and remand the district court's determination that USA Sales is entitled to a refund.